**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.:**

RONNIE FRANKLIN, MIKE MONTERRO, NEIMIAH MCGEE,
BRENT BUCHANAN, NATHAN LONG, ANTHONY URNBERG,
ADAM FOUDOU, and FREDRICK A. NICOLOSI,

individually, and on behalf of all others
similarly situated,

      Plaintiffs,

v.

PILOT THOMAS LOGISTICS, LLC,

      Defendant.

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

Plaintiffs Ronnie Franklin, Mike Monterro, Neimiah Mcgee, Brent Buchanan, Nathan Long, Anthony Urnberg, Adam Foudou, and Fredrick A. Nicolosi (collectively "Plaintiffs"), on behalf of themselves, individually, and on behalf of all of those similarly situated, through undersigned counsel at Bachus & Schanker, LLC, make the following allegations in support of this Collective and Class Action Complaint:

## INTRODUCTION

1.    This is a federal collective and state class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 USC. §201, et. seq. ("FLSA"), the Colorado Wage Act, C.R.S. §§ 8-4-101, et. seq. ("CWA"), and Colorado common law (under theories of

breach of contract, unjust enrichment, and *quantum meruit*) to recover unpaid wages and equitable relief.

2.     Plaintiffs and those similarly situated worked as "frac fuel technicians" and were classified under the FLSA and relevant state wage and hour statutes as non-exempt, hourly employees during the relevant periods alleged herein.

3.     Defendant Pilot Thomas Logistics, LLC ("Defendant" or "Pilot") improperly denied wages and compensation for hours worked by Plaintiffs and others similarly situated.

4.     Upon information and belief, for at least three years prior to the filing of this action and continuing through the date of this action, Pilot has devised and implemented general policies and practices to deprive frac fuel technicians of compensation to which they are entitled.  Pilot routinely requires its hourly-paid frac fuel technicians to work "off the clock," without proper payment of wages.

5.     Plaintiffs, on behalf of themselves and all other similarly situated former and current hourly-paid frac fuel technicians, seek unpaid overtime, unpaid regular wages, liquidated damages and/or pre-judgment interest, post-judgment interest, injunctive and equitable relief, attorney's fees and costs, and any other just remedies permissible under the law.

6.     Plaintiffs shall request that this Court authorize concurrent notice to all former and current hourly-paid frac fuel technicians who were employed by Pilot during the applicable time period, informing them of the pendency of this action and of their right to opt-in to this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

7.     Plaintiffs also propose a Rule 23 class pursuant to Colorado law brought on behalf of themselves and all other former and current hourly-paid frac fuel technicians who were employed in Colorado by Pilot.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant the FLSA, 29 U.S.C. § 216(b), federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9.     Venue is proper under 28 U.S.C. §1391(b)(1) and § 1391(c), as the Defendant conducts business within this District, and many of the acts complained of occurred in this District.

## COVERAGE

10.     At all times material hereto, Plaintiffs and all similarly-situated employees were "employees" of Defendant within the meaning of FLSA because they were individuals employed by an employer.  Also, all similarly-situated employees were "employees" of Defendant within the meaning of FLSA because:

    a. the Defendant exercised control over Plaintiffs' and all similarly-situated employees' work schedules, work tasks and work processes;

    b. the Plaintiffs and all similarly-situated employees had no opportunity to experience a profit or loss consistent with the characteristics of being independent businesswomen/ businessmen;

    c. the Plaintiffs and all similarly-situated employees did not invest in Defendant's business, did not include amount of large capital expenditures, such as risk capital and capital investments, not negligible items, or labor itself;

3

d.  Plaintiffs and all similarly-situated employees did not transfer from place to place as particular work is offered to them; Plaintiffs worked for only one employer, Defendant, and such relationship was continuous and of indefinite duration;

e.  Plaintiffs and all similarly-situated employees did not "make any independent judgments," and thus did not exercise their skills "in any independent manner";

f.  Plaintiffs' and all similarly-situated employees' services were a necessary component of Defendant's business; and

g.  Plaintiffs and all similarly-situated employees did not bring their own tools or equipment to work; all tools and equipment were property of Defendant.

11.    At all times material hereto, Defendant was an "employer" within the meaning of FLSA because Defendant acted directly or indirectly in the interest of the employer in relation to an employee.

12.    At all times material hereto, Defendant was an employer because it had the ability to do the following with respect to Plaintiffs and all similarly-situated employees: hire and fire, supervise work schedules and conditions of employment, determined rates and method of payment, and were obligated under the law to maintain employment records.

13.    Also, at all times material hereto, Defendant was an employer because it had exclusive operational control over Plaintiffs and all similarly-situated employees, was solely responsible for the day-to-day operations, *and* had direct responsibility for the supervision of the Plaintiffs and all similarly-situated employees.

14.    At all times material hereto, Defendant had two (2) or more employees.

15.    At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

16.     Also, the annual gross revenue of Defendant was in excess of $500,000 per annum during the relevant time periods.

17.     At all times material hereto, Plaintiffs and all similarly-situated employees were "engaged in commerce" and subject to individual coverage of the FLSA.

## PARTIES

18.     Individual Plaintiff and Class Representative Ronnie Franklin ("Franklin") was, at all material times, a resident of Denver County, Colorado.  Franklin is a current covered, non-exempt employee of Pilot, as defined by the FLSA, 29 U.S.C. § 203(e).  During the applicable time period, Pilot employed Franklin as an hourly-paid frac fuel technician to work in oil and gas fields and to assist in the servicing and refueling of fracking equipment.

19.     Individual Plaintiff and Class Representative Mike Monterro ("Monterro") was, at all material times, a resident of Natrona County, Wyoming.  Monterro is a current covered, non-exempt employee of Pilot, as defined by the FLSA, 29 U.S.C. § 203(e).  During the applicable time period, Pilot employed Monterro as an hourly-paid frac fuel technician to work in oil and gas fields and to assist in the servicing and refueling of fracking equipment.

20.     Individual Plaintiff and Class Representative Neimiah McGee ("McGee") was, at all material times, a resident of Larimer County, Colorado.  McGee is a current covered, non-exempt employee of Pilot, as defined by the FLSA, 29 U.S.C. § 203(e).  During the applicable time period, Pilot employed McGee as an hourly-paid frac fuel technician to work in oil and gas fields and to assist in the servicing and refueling of fracking equipment.

21.     Individual Plaintiff and Class Representative Brent Buchanan ("Buchanan") was, at all material times, a resident of Larimer County, Colorado.  Buchanan is a former

covered, non-exempt employee of Pilot, as defined by the FLSA, 29 U.S.C. § 203(e). During the applicable time period, Pilot employed Buchanan as an hourly-paid frac fuel technician to work in oil and gas fields and to assist in the servicing and refueling of fracking equipment.

22.    Individual Plaintiff and Class Representative Nathan Long ("Long") was, at all material times, a resident of Weld County, Colorado.  Long is a former covered, non-exempt employee of Pilot, as defined by the FLSA, 29 U.S.C. § 203(e).  During the applicable time period, Pilot employed Long as an hourly-paid frac fuel technician to work in oil and gas fields and to assist in the servicing and refueling of fracking equipment.

23.    Individual Plaintiff and Class Representative Anthony Urnberg ("Urnberg") was, at all material times, a resident of Larimer County, Colorado.  Urnberg is a former covered, non-exempt employee of Pilot, as defined by the FLSA, 29 U.S.C. § 203(e).  During the applicable time period, Pilot employed Urnberg as an hourly-paid frac fuel technician to work in oil and gas fields and to assist in the servicing and refueling of fracking equipment.

24.    Individual Plaintiff and Class Representative Adam Foudou ("Foudou") was, at all material times, a resident of Weld County, Colorado.  Foudou is a current covered, non-exempt employee of Pilot, as defined by the FLSA, 29 U.S.C. § 203(e).  During the applicable time period, Pilot employed Foudou as an hourly-paid frac fuel technician to work in oil and gas fields and to assist in the servicing and refueling of fracking equipment.

25.    Individual Plaintiff and Class Representative Fredrick A. Nicolosi ("Nicolosi") was, at all material times, a resident of Adams County, Colorado and Tyler County, Texas. Nicolosi is a former covered, non-exempt employee of Pilot, as defined by the FLSA, 29

U.S.C. § 203(e).  During the applicable time period, Pilot employed Nicolosi as an hourly-paid frac fuel technician to work in oil and gas fields and to assist in the servicing and refueling of fracking equipment.

26.    Defendant Pilot Thomas Logistics, LLC is a limited liability company incorporate under the laws of the State of Utah with its principal place of business located at 777 Main Street, Suite 2000, Fort Worth, Texas 76102.   Pilot conducts business operations throughout the United States, including, but not limited to, the states of Colorado, Wyoming, Utah, California, Washington, Oregon, and Texas.

## FACTUAL BACKGROUND AND ALLEGATIONS

27.    The preceding allegations are incorporated by reference as if fully stated herein.

28.    Pilot "is the premier provider of fuel, lubricants and chemicals to the Energy, Marine, Mining and Industrial markets."  http://www.pilotlogistics.com/about-us.html

29.    Pilot has developed a "Frac Fuel Management System" that "provide[s] our clients a seamless and transparent fuel solution. Having the ability to electronically monitor the rate of fuel use for each asset, as well as a cumulative total for the entire job via an on location asset tracker, provides our customers peace of mind on the job site." http://www.pilotlogistics.com/frac.html

30.    At all times material hereto, Pilot was engaged in commerce in the field of petroleum product/gas fueling and the servicing of fracking sites.  A fracking site, or "frac site," refers to an oil drilling location where oil can be extracted.

31.    One of Pilot's largest expenses related to the "Frac Fuel Management System" is the payroll of its hourly-paid employees.  To reduce this expense and maximize profits,

Pilot maintains a company-wide policy of not paying hourly-paid frac fuel technicians proper wages for work performed before and after the time spent at the fracking site.

32.     Pilot employees frac fuel technicians to deliver and operate refueling equipment on the frac sites, as well as to service fueling equipment located on these frac sites.

33.     Due to the remote locations of the frac sites, the rough terrain, limited parking availability, strict schedules, and security restrictions, Pilot mandates that all of the frac fuel technicians must first arrive at Pilot's utility site/yard location (hereinafter "Yard") so as to secure rides to the frac sites via a company vehicle/shuttle (hereinafter "Shuttle").

34.     Pilot sets frac fuel technicians' schedules for which the employees had no discretion or ability to modify the Yard arrival times.

35.     Upon information and belief, Pilot requires the driver for the day or night shift to clock in at the Yard prior to beginning the drive to the frac site.

36.     Plaintiffs and those similarly situated were required to work twelve (12) hour shifts and clocked in and clocked out at the frac site.

37.     Plaintiffs and those similarly situated who did not drive the Shuttles were not allowed to clock in or clock out at the Yard.

38.     During the applicable time period, Plaintiffs and other frac fuel operators regularly worked in excess of 40 hours during a workweek and routinely worked in excess of 60 hours per workweek.

39.     Upon arriving at the Yard at the time specified by Pilot, Plaintiffs and those similarly situated routinely were required by Pilot to do the following without being permitted to clock in:

a. Wait for the fuel bill of lading and other billing documents to be ultimately transported by them from the Yard to the frac sites;

b. Go to dispatch and determine what requests have been submitted from those working at the frac site;

c. At the direction of dispatch, gather supplies, parts and equipment to be transported from the Yard for use at the frac site. These items include dry-couplers, catch buckets, absorbent pads, water, duck pond containment cones, gloves, aprons, harnesses, hoses, fire extinguishers, coolant, windshield fluid, transmission fluid, and chock blocks;

d. Inspect the shuttle for damage, safety, mechanical worthiness and to replenish vital fluids;

e. Wait for additional members of crew to arrive before leave for the yard; and

f. Locate vehicles at the Yard.

40.     Plaintiffs and other frac fuel operators began their respective workdays at the Yard and duly performed activities that were an integral and indispensable part of their employment, yet Pilot failed to properly compensate Plaintiffs and the frac fuel operators for work performed at the required straight time and/or overtime rates, resulting in these individuals being forced to work off the clock.

41.     Despite beginning their principal activity before commencing their shuttle ride from the Yard to the frac site, Pilot specifically chose to exclude said work time from any straight time or overtime calculations.

42.     Plaintiffs and other frac fuel operators, with the exception of the Shuttle driver on any given shift, received a "mileage stipend" from Pilot at a preset mileage rate for distance traveled between the Yard and the frac site and vice versa.

43.     When Plaintiffs and those similarly situated arrived at the Yard for their scheduled shifts, the Shuttle was often late, resulting in the employees being forced to wait at the Yard until the shuttle arrived.  Pilot failed to pay any compensation to Plaintiffs and other frac fuel operators for this waiting period.

44.     Upon concluding their work day and despite already having clocked out for the day at the frac site, Plaintiffs and those similarly situated were required to ride in the Shuttle back to the Yard, park the Shuttle, wait on the relief crew leaving for the frac site, dump waste including hazardous materials transported from the frac site to the Yard, turn in keys and remit paperwork to the office, attend meetings, and discuss any issues arising out of submission of the daily billing paperwork generated at the frac site.

45.     These duties are an integral and indispensable part of the Plaintiffs' and other frac fuel operators' principal activities for which Pilot failed to provide the required compensation.

46.     Pilot was aware that Plaintiffs and those similarly situated performed integral and indispensable functions of their jobs while at the Yard but Pilot chose not to pay hourly wages to frac fuel operators in order reduce Pilot's expenses and maximize profits.

47.     In addition to the above, Plaintiffs and those similarly situated were entitled to receive various *mandatory* "bonuses," including, but not limited to, "safety bonuses."

These payments were excluded from Plaintiffs' and other frac fuel operators' regular rates and overtime rates in violation of the FLSA, 29 U.S.C. § 207(e)(3)(a); 29 C.F.R. § 548.502.

### FEDERAL COLLECTIVE ACTION ALLEGATIONS

48.   The preceding allegations are incorporated by reference as if fully stated herein.

49.   This is a lawsuit brought by Plaintiffs as a collective action, on behalf of themselves and those similarly situated, pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Federal Collective Group"), as follows:

> All current and former hourly-paid frac fuel operators who were employed by Pilot Thomas Logistics, LLC three years prior to the filing of this Complaint and were paid a mileage stipend rather than wages for the time spent arriving and working at the yard until arriving at the frac site, and for the time spent leaving the frac site and being allowed to leave the yard and return home.

50.   Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C.§ 216(b). Plaintiffs' signed consent forms are attached as **Exhibit A**.[1]

51.   Plaintiffs are similarly situated to the other members of the Federal Collective Group because they all (a) worked for Pilot as frac fuel operators during the applicable time period; (b) performed the same or similar duties; (c) had limited or no administrative responsibilities; (d) were and are not professionals within the meaning of the FLSA; (e) were paid a "mileage stipend" rather than their required hourly wages; and (f) were required to work off the clock, without compensation. As a result, there are questions of law and fact common to the Federal Collective Group; Plaintiffs have a well-defined

---

[1] Michelle Hanneman did not provide an executed consent to join by the date of the filing of this Complaint. Her name has been removed from the caption in this action but remains on the previously signed consent to join forms submitted as Exhibit A.

community of interest with the Federal Collective Group; and they are adequate representatives of the Federal Collective Group.

52.     The following questions of law and fact predominate over questions that may affect individual members of the Federal Collective Group:

> a. Whether Pilot failed to adequately compensate the members of the Federal Collective Group for all hours worked, as required by the FLSA;
>
> b. Whether the members of the Federal Collective Group have been damaged and, if so, the damages to which they are entitled; and
>
> c. Whether Pilot willfully violated the FLSA and, if so, the liquidated damages to which members of the Federal Collective Group are entitled.

53.     Notice of this action should be sent to the Federal Collective Group.  There are numerous similarly-situated current and former employees of Pilot who have suffered from Pilot's practices who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Pilot and are readily identifiable Pilot's records.

## COLORADO STATE CLASS ACTION ALLEGATIONS

54.     The preceding allegations are incorporated by reference as if fully stated herein.

55.     In addition to bringing this lawsuit as a collective action under the FLSA, Colorado Plaintiffs Franklin, McGee, Buchanan, Long, Urnberg, Foudou, and Nicolosi ("Colorado Plaintiffs"), under Rule 23 of the Federal Rules of Civil Procedure, propose a class on behalf of themselves and all persons who were employed by Pilot in the State of Colorado and paid on an hourly basis ("Colorado Rule 23 class"), as follows:

All current and former hourly-paid frac fuel operators who were employed in the State of Colorado by Pilot Thomas Logistics, LLC three years prior to the filing of this Complaint and were paid a mileage stipend rather than wages for the time spent arriving and working at the yard until arriving at the frac site, and for the time spent leaving the frac site and being allowed to leave the yard and return home.

56.   The Colorado Rule 23 class meets the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, in that:

a. The members of the class are so numerous that joinder of all class members would be impracticable.   On information and belief, there are hundreds of members of the proposed class.

b. There are numerous common questions of law and fact at issue. These questions include, but are not limited to, the following:

(1) whether class members are employees covered by the Colorado Wage Act C.R.S. 8-4-101, et seq., and 7 C.C.R.1103;

(2) whether Pilot is an employer covered by the Colorado Wage Act C.R.S. 8-4-101, et seq., and 7 C.C.R. 1103;

(3) whether Pilot required class members to work off-the clock without payment for their work;

(4) whether Pilot acted pursuant to a systematic practice in requiring off-the-clock work;

(5) whether Pilot failed to pay class members the full amount of wages due under the Colorado Wage Act C.R.S. 8-4-101, et seq., and 7 C.C.R. 1103;

(6) whether Pilot failed to pay wages in the manner prescribed by the Colorado Wage Act C.R.S. 8-4-101, et seq., and 7 C.C.R. 1103;

(7) whether Pilot withheld or diverted wages from class members in violation of the Colorado Wage Act C.R.S. 8- 4-101, et seq., and 7 C.C.R. 1103;

(8) whether Pilot, failed to furnish class members with an accurate statement of all deductions made from their wages in accordance with the Colorado Wage Act C.R.S. 8-4-101, et seq., and 7 C.C.R. 1103;

(9) whether Pilot failed to pay class members for all hours worked as required by the Colorado Wage Act C.R.S. 8-4- 101, et seq., and 7 C.C.R. 1103;

(10) whether Pilot failed to pay the appropriate rate of wages to class members under the Colorado Wage Act C.R.S. 8-4-101, et seq., and 7 C.C.R. 1103;

(11) whether Pilot failed to make, keep, record, report, maintain and/or preserve complete, accurate, appropriate records of hours worked by and wages paid to class members under the Colorado Wage Act C.R.S. 8-4-101, et seq., and 7 C.C.R. 1103;

(12) whether Pilot was unjustly enriched by the conduct alleged by class members and, if so, whether class members may recover under the theory of unjust enrichment;

(13) whether class members are entitled to recover for quantum meruit;

(14) whether Pilot's actions were in good faith or, conversely, whether they were willful and in reckless disregard for class members' rights;

(15) whether class members were deprived of wages and suffered other economic injury as a result of Pilot's actions;

(16) whether Pilot's actions were taken pursuant to a systematic, corporate-wide policy or practice; and

(17) whether class members are entitled to damages, liquidated damages, interest, attorney's fees and costs, injunctive relief, and/or any other relief.

c. Colorado Plaintiffs' claims are typical of the claims of all other class members. Colorado Plaintiffs' claims arise under the same acts and conduct as the claims of other class members. Colorado Plaintiffs also

bring the same claims, under the same legal authority, and seek the same relief, as all other class members.

d. Colorado Plaintiffs will fully and adequately represent the interests of the class. Colorado Plaintiffs have retained counsel who are knowledgeable and experienced in prosecuting class actions. There are no known conflicts with class members that would render Colorado Plaintiffs or their counsel inadequate.

57.     The Colorado Rule 23 class meets the requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure, in that Pilot has acted, or refused to act, on grounds that apply generally to the class as a whole. As alleged herein, all of Pilot's hourly paid frac fuel operators are subjected to the same treatment by Pilot, in that they are all required to receive a mileage stipend and work off-the-clock without payment, or face retaliation by Pilot.

58.     The Colorado Rule 23 class also meets the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure, in that the common questions of law or fact predominate over questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Specifically, the benefits of class treatment outweigh class members' interests in individually controlling the prosecution of separate actions; Plaintiffs are aware of no other litigation concerning the controversy that has already been brought by other class members; the efficiencies to be gained make it desirable to concentrate litigation of the claims in one forum; and

there are no particular aspects of the claims that would make a class action unmanageable.

**FIRST CLAIM FOR RELIEF**
Violation of the Fair Labor Standards Act
29 USC. §201, et. seq.
(Plaintiffs and the Federal Collective Group)

59.     The preceding allegations are incorporated by reference as if fully stated herein.

60.     As an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(a), Pilot is subject to the requirements of the FLSA.

61.     All of Pilot's hourly-paid frac fuel operators are considered "non-exempt" from the maximum hour requirements of the FLSA, 29 U.S.C. § 213(a)(1).

62.     The FLSA requires that minimum compensation of $7.25 per hour be paid to non-exempt employees. 29 U.S.C. § 207.

63.     The FLSA requires that overtime compensation be paid to non-exempt employees who work more than forty (40) hours in one week. 29 U.S.C. § 207.

64.     As described in the preceding paragraphs, Plaintiffs and the Federal Collective Group routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

65.     The FLSA requires employers to keep accurate records of the wages, hours, and other terms of employment for each of their employees, including but not limited to the employee's total hours worked each day and each week; the employee's total daily or weekly earnings; the employee's total daily or weekly regular wages; and the employee's total daily or weekly overtime wages.

66.     By requiring hourly employees to receive a mileage stipend rather than their hourly wages and to work off the clock at other times, Pilot willfully, knowingly and/or recklessly violated the minimum and overtime compensation provisions of the FLSA.

67.     By failing to keep accurate records of the time its employees worked, Pilot willfully, knowingly and/or recklessly violated the FLSA's recordkeeping provisions.

68.     As a result of Pilot's unlawful conduct, Plaintiffs and all other similarly situated persons within the Federal Collective Group have suffered injury, in that they have been deprived of overtime and regular compensation.

69.     Plaintiffs and all other similar-situated persons within the Federal Collective Group are entitled to damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
Violation of the Colorado Wage Act and Failure to Maintain Records
C.R.S. § 8-4-101 et. seq.
(Colorado Plaintiffs and the Colorado Rule 23 Class)

70.     The preceding allegations are incorporated by reference as if fully stated herein.

71.     Pilot violated the Colorado Wage Act. C.R.S. § 8-4-101 et. seq.

72.     Pilot is in the commercial support service industry. 7 C.C.R. §1103-1:2(B).

73.     Pilot is required under Colorado law to pay Colorado Plaintiffs and the Colorado Rule 23 class for their time worked. 7 C.C.R. § 1103-1:4.

74.     Pilot is required under Colorado law to pay Colorado Plaintiffs and the Colorado Rule 23 class overtime for all hours work over 12 in a workday and all hours worked over 40 in a work week. 7 C.C.R. § 1103-1:4.

75.     Pilot is required under Colorado law to maintain accurate daily records of all hours worked by its employees, including Colorado Plaintiffs and the Colorado Rule 23 class. 7 C.C.R. § 1103-1:12.

76.     Pilot failed to properly pay Colorado Plaintiffs and the Colorado Rule 23 class straight time for all hours worked.

77.     Pilot failed to pay Colorado Plaintiffs and the Colorado Rule 23 class Colorado's Minimum Wage for all hours worked.

78.     Pilot failed to pay the Colorado Plaintiffs and the Colorado Rule 23 class overtime for all hours worked over 12 in a day and 40 in a week.

79.     Colorado Plaintiffs and the Colorado Rule 23 class have been damaged in an amount permitted under the law to be determined at trial.

80.     As a direct and proximate result of Pilot's failure and refusal to pay for off-the-clock work in violation of the Colorado Wage Act, Colorado Plaintiffs and the Colorado Rule 23 class have been deprived of their rightfully earned wages, including regular time and overtime pay, and any other compensation of which they were deprived, and are entitled to recover from Pilot all such unpaid wages and compensation, penalties, attorney's fees and costs, prejudgment interest, and all other appropriate relief.

### THIRD CLAIM FOR RELIEF
Breach of Contract
(Colorado Plaintiffs and the Colorado Rule 23 Class)

81.     The preceding allegations are incorporated by reference as if fully stated herein.

82.     Pilot, for its benefit, entered into employment contracts, express or implied, with Colorado Plaintiffs and the Colorado Rule 23 class under which Pilot promised to pay

wages to Colorado Plaintiffs and the Colorado Rule 23 class at certain hourly rates (whether a regular rate of pay for 40 or fewer hours worked in a work-week or one-and-one-half times their regular rate of pay for any hours worked in excess of 40 hours per week) for all work, without exception, performed by Colorado Plaintiffs and the Colorado Rule 23 class.

83.     Pilot made this promise to pay such wages for all work performed by Colorado Plaintiffs and the Colorado Rule 23 class on many occasions, including, but not limited to, at the time of Colorado Plaintiffs' and the Colorado Rule 23 class's dates of hire and throughout the tenure of their employment at Pilot.

84.     Colorado Plaintiffs and the Colorado Rule 23 class accepted Pilot's offer to compensate them at such certain hourly rates for all work performed each time that Colorado Plaintiffs and the Colorado Rule 23 class performed their jobs, duties, and work for Pilot's benefit.

85.     Pilot failed to fulfill its promises and breached its contracts with Colorado Plaintiffs and the Colorado Rule 23 class by having Colorado Plaintiffs and the Colorado Rule 23 class perform some of their work off the clock and then refusing or otherwise failing to pay Colorado Plaintiffs and the Colorado Rule 23 class for that off-the-clock work.

86.     There were no conditions precedent, if any, that Colorado Plaintiffs and the Colorado Rule 23 class failed to perform before being entitled to the promised payment of wages for all work performed by Colorado Plaintiffs and the Colorado Rule 23 class for Pilot's benefit.

87.     As a direct and proximate result of Pilot's conduct, Colorado Plaintiffs and the

Colorado Rule 23 class have suffered injury, and are entitled to damages for Pilot's

breach of contract, including payment of all unpaid wages for the work they performed off

the clock, interest, and other relief, in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
Unjust Enrichment
(Colorado Plaintiffs and the Colorado Rule 23 Class)

88.     The preceding allegations are incorporated by reference as if fully stated herein.

89.     Colorado Plaintiffs and the Colorado Rule 23 class, conferred upon Pilot a benefit

by performing unpaid work off-the-clock for Pilot, as demanded and required by Pilot.

90.     Pilot received this benefit of work performed by Colorado Plaintiffs and the

Colorado Rule 23 class without paying them for this work.

91.     Pilot's retention of this benefit of work performed without paying for the work is

unjust.

92.     Through its various sham formal, written (and other) policies uniformly, but falsely,

expressing to all of its hourly paid employees that such employees are to be paid for all

hours worked, and in performing their work for Pilot, Colorado Plaintiffs and the Colorado

Rule 23 class, uniformly expected remuneration, in the form of wages at the appropriate

rate, from the Pilot for all of their work performed for Pilot.

93.     By demanding and requiring Colorado Plaintiffs and the Colorado Rule 23 class to

work off-the-clock in transgression of, and by refusing and failing to pay them for all work

performed in accordance with Pilot's uniform expressed policies, Pilot significantly

reduced its payroll and labor costs, diverted those savings to other company functions

and priorities, and increased its profits to its own benefit and to the detriment of Colorado Plaintiffs and the Colorado Rule 23 class.

94.     Pilot's acceptance and retention of the benefit of Colorado Plaintiffs' and the Colorado Rule 23 class's off-the-clock work without paying for it, and the resultant savings by refusing and failing to pay for such work, by saving and avoiding payroll and labor costs, by diverting those savings to other company functions and priorities, and by enjoying the increased profits that Pilot received as a result of its failure and refusal to pay them for all work performed, is inequitable and contrary to the fundamental principles of justice, equity, and good conscience, and, as such, Colorado Plaintiffs and the Colorado Rule 23 class may recover under the unjust enrichment doctrine.

95.     As a direct and proximate result of Pilot's actions, defendant has reaped unfair benefits and illegal profits at the expense of Colorado Plaintiffs and the Colorado Rule 23 class. Pilot should be made to account for, and restore to Colorado Plaintiffs and the Colorado Rule 23 class, the monies that were wrongly reaped by Defendant at Colorado Plaintiffs' and the Colorado Rule 23 class's expense.

### FIFTH CLAIM FOR RELIEF
In the Alternative, *Quantum Meruit*
(Colorado Plaintiffs and the Colorado Rule 23 Class)

96.     The preceding allegations are incorporated by reference as if fully stated herein.

97.     Colorado Plaintiffs and the Colorado Rule 23 class performed work for Pilot off-the-clock for which Pilot refused and failed to pay.

98.     Pilot accepted this work performed by Colorado Plaintiffs and the Colorado Rule 23 class.

99.   Through its various sham formal, written (and other) policies uniformly, but falsely, expressing to all of its hourly-paid employees that such employees are to be paid for all hours worked, and in performing their work for Pilot, Colorado Plaintiffs and the Colorado Rule 23 class uniformly expected to be compensated by Pilot for the reasonable value of all of Plaintiffs' and the Colorado Rule 23 class's work performed for Pilot.

100.   As a direct and proximate result of Pilot's improper failure and refusal to pay for off-the-clock work, Colorado Plaintiffs and the Colorado Rule 23 class are entitled to the reasonable value of all of their work performed for PIlot and shall so demonstrate this reasonable value through discovery and at the trial of this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief on behalf of themselves and those similarly situated:

(a) certification of this case as a collective action under the FLSA;

(b) certification of a Colorado class under Rule 23;

(c) an order preliminarily and permanently enjoining Pilot from engaging in the above-described conduct;

(c) an award of the value of Plaintiffs' unpaid wages, and the unpaid wages of all other current and former hourly-paid Pilot employees included in this action;

(d) an award of liquidated damages under the FLSA for Plaintiffs and for all other current and former hourly-paid Pilot employees included in this action;

(e) an award of reasonable attorney's fees, expenses, expert fees, and all other costs incurred in this action;

(f) an award of pre- and post-judgment interest;

(g) any other relief permissible under the laws alleged; and

(h) any and all other relief that the Court deems proper.

## **JURY DEMAND**

Plaintiffs request a trial to a jury on all issues so triable.


Dated: August 9, 2016.

Respectfully Submitted,

*/s/Andrew C. Quisenberry*
Sara A. Green, Esq.
Andrew C. Quisenberry, Esq.
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: 303.893.9800
Facsimile: 303.893.9900
Sara.green@coloradolaw.net
Andrew.quisenberry@coloradolaw.net
*Attorneys for Plaintiffs*