**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Case No. 1:16-cv-02043-RM-MJW**

**RONNIE FRANKLIN, NEIMIAH MCGEE,**
**ANTHONY URNBERG, FOUDOU ADAM,**
**FREDRICK A. NICOLOSI, MALACHI MCGEE,**
**JONAH KALILI, RAUL YANEZ-SANDOVAL,**
**JOEL KLASSEN, and SOLOMON DEBRETSION**

**Plaintiffs,**

**v.**

**PILOT THOMAS LOGISTICS, LLC,**

**Defendant.**

---

**JOINT MOTION TO RESTRICT ACCESS TO SETTLEMENT AGREEMENT AND PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS [ECF NOS. 54 AND 55]**

---

Plaintiffs Neimiah McGee, Anthony Urnberg, Foudou Adam, Fredrick A. Nicolosi, Malachi McGee, Jonah Kalili, Raul Yanez-Sandoval, and Solomon Debretsion (the "Plaintiffs") and Defendant Pilot Thomas Logistics, LLC ("Pilot")(collectively, the "Parties"), by and through their respective undersigned counsel, hereby submit their Joint Motion to Restrict Access to Settlement Agreement and Plaintiffs' Petition for Attorney's Fees and Costs [ECF Nos. XX and XX].[1] In support, the Parties state as follows:

**ARGUMENT**

1. The Parties' Joint Motion for Approval of Settlement Agreement (the "Motion") was filed October 13, 2017, at ECF No. 53. The Motion seeks approval of the Parties' executed

[1] The claims of Ronnie Franklin and Joel Klassen are not addressed by this Motion.

Agreement, which was filed on October 13, 2017 as Restricted Level 1 Documents (ECF No. 54.) The Motion also references the Fee Petition which was filed on October 13, 2017 as Restricted Level 1 Documents. (ECF. No. 55.) The Agreement and the Fee Petition will hereinafter be referred to as the "Confidential Documents."

2. Pursuant to D.C.COLO.LCivR 7.2(c), the Parties move to retain the Level 1 restriction for the Confidential Documents.

3. The above-captioned lawsuit is an action under the Fair Labor Standards Act ("FLSA") and/or the Colorado Wage Act in which certain Plaintiffs are seeking to recover unpaid wages in connection with time they claim to have spent working off the clock. Defendant denies Plaintiffs' allegations and has asserted various defenses to their claims.

4. The Parties have reached a settlement of this action, and have entered into the Agreement as to all claims and disputes between them. As part of their settlement, the Parties have agreed that the terms of the Agreement are and should remain strictly confidential. Moreover, the Parties have agreed that the Confidential Documents should be filed as restricted documents to protect their confidentiality.

5. Courts frequently grant leave for Parties to file a settlement agreement under seal in connection with the resolution of FLSA claims. Colorado federal courts and courts in other jurisdictions have permitted the filing of settlement documentation in FLSA settlements under seal upon a joint motion of the parties. *See, e.g., Stransky, et al. v. HealthONE of Denver, Inc.*, Case No. 11-cv-02888-WJM-MJM, Order (D. Colo. Nov. 24, 2015); *Green, et al. v. Drake Beam Morin, Inc.*, Case No. 11-cv-01063-REB-CBS, Order (D. Colo. Oct. 10, 2012); *Curiel v. The Garlic Knot Express*, LLC, Case No. 11-cv-00205-CMA-KLM, Order (D. Colo. Jul. 27, 2011);

*Briones v. JNS Const. Serv., LLC*, 2009 U.S. Dist. LEXIS 28384 (D. Colo. April 6, 2009); *see also, e.g., Medley v. Am. Cancer Soc'y*, 2010 U.S. Dist. LEXIS 75098, at *1-2 n.1 (S.D.N.Y. July 23, 2010); *King v. Wells Fargo Home Mortg.*, 2009 U.S. Dist. LEXIS 129054 (M.D. Fla. July 15, 2009); *Trinh v. JPMorgan Chase & Co.*, 2009 U.S. Dist. LEXIS 16477 (S.D. Cal. Mar. 3, 2009); *Goudie v. Cable Commc'ns*, Inc., 2009 U.S. Dist. LEXIS 1907 (D. Or. Jan. 12, 2009).

6. In this case, filing the Confidential Documents under seal will avoid prejudice resulting from the disclosure of confidential information regarding the terms of settlement. Confidentiality is a material term of the Settlement Agreement, and the Parties have reached a settlement on terms that were derived from confidential facts concerning Defendant's business and employee wages. The allegations and evidence of record supporting the claims and defenses in this case, as well as the fact of settlement, will remain accessible to the public, but the terms of the settlement itself should remain confidential even in light of the presumption of public access.

7. "As a matter of public policy, the law favors and encourages settlements." *Big O Tires, Inc. v. Bigfoot 4x4, Inc.*, 167 F. Supp. 2d 1216, 1229 (D. Colo. 2001). Disclosure of settlement terms which the Parties mutually desire to be confidential would discourage the settlement of wage and hour cases and deter future parties from resolving such cases. This result is anathema to the well-established public policy encouraging settlement. The Parties have thus agreed that the terms of this settlement should remain confidential and further agreed to jointly request permission to file the Agreement and the Fee Petition under seal. The Parties' interests in effectuating a mutually-beneficial, private resolution of their claims and disputes outweighs the public's interest in these proceedings.

8. Given that the terms of the Agreement are intended to be kept confidential, a less restrictive alternative other than sealing is not practicable.

9. The Parties specifically seek to maintain the Level 1 restriction of the Confidential Documents.

WHEREFORE, for the good cause shown, the Parties respectfully request pursuant to D.C.COLO.LCivR 7.2(c) that the Court restrict the Agreement and the Fee Petition, filed at ECF No. 54 through ECF No. 55, to Level 1 access.

Respectfully submitted this 13th day of October, 2017.

s/ *Andrew C. Quisenberry*
Andrew C. Quisenberry
Sara A. Green
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: 303.893.9800
Fax: 303.893.9900
Andrew.quisenberry@coloradolaw.net
Sara.green@coloradolaw.net

ATTORNEYS FOR PLAINTIFFS

s/ *Jennifer S. Harpole*
Jacqueline E. Kalk
John H. Lassetter
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone: 612.630.1000
Fax: 612.630.9626
Email: jkalk@littler.com
Email: jlassetter@littler.com

Jennifer S. Harpole
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Fax: 303.629.0200
Email: jharpole@littler.com

ATTORNEYS FOR DEFENDANT
PILOT THOMAS LOGISTICS, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of October, 2017, a true and correct copy of the foregoing **JOINT MOTION TO RESTRICT ACCESS TO SETTLEMENT AGREEMENT AND PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS [ECF NOS. 54 AND 55]** was filed via CM/ECF and served upon the following:

Jennifer S. Harpole
LITTLER MENDELSON, P.C.
1900 16th St., Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Fax: 303.629.0200
jharpole@littler.com

Jacqueline E. Kalk
John H. Lassetter
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone: 612.630.1000
Fax: 612.630.9626
jkalk@littler.com
jlassetter@littler.com

*/s/ Andrew C. Quisenberry*
Andrew C. Quisenberry