**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 16-cv-02043-RM-MJW

NEIMIAH MCGEE,
ANTHONY URNBERG,
FOUDOU ADAM,
FREDRICK A. NICOLOSI,
OUSMAN ABOUDOU,
MALACHI MCGEE,
JONAH KALILI,
RAUL YANEZ-SANDOVAL,
JOEL KLASSEN, and
SOLOMON DEBRETSION,

     Plaintiffs,

v.

PILOT THOMAS LOGISTICS, LLC,

     Defendant.

---

**ORDER**

---

This is an action brought under the Fair Labor Standards Act ("FLSA"), the Colorado Wage Act, and common law. (ECF No. 31.) This matter is before the Court on the "Joint Motion to Restrict Access to Settlement Agreement and Plaintiffs' Petition for Attorneys' Fees and Costs [ECF Nos. 54 and 55]" (the "Joint Motion") (ECF No. 56) filed by Defendant Pilot Thomas Logistics, LLC and Plaintiffs Neimiah McGee, Anthony Urnberg, Foudou Adam, Fredrick A. Nicolosi, Malachi McGee, Jonah Kalili, Raul Yanez-Sandoval, and Solomon Debretsion (collectively, the "Parties"). The Joint Motion requests a Level 1 restriction for the following two documents: (1) the Parties' Settlement Agreement and Release of Claims (the

"Agreement") (ECF No. 54); and (2) Plaintiffs' Petition for Approval of Attorneys' Fees and Costs (the "Petition for Fees") (ECF No. 55). For the reasons stated herein, the Joint Motion is DENIEDWITHOUT PREJUDICE.

I.   BACKGROUND

The Parties have reached a settlement of this action and now seek approval from this Court. At issue is the Parties' request to seal the two above-referenced documents. The Parties' arguments in support of the requested restriction appear to be based on the following: (1) confidentiality of the Agreement is a material term agreed to by the Parties; (2) the terms of the Agreement were derived from confidential facts concerning Defendants' business and employee wages; (3) disclosure of the terms which the Parties desire be confidential would discourage settlement of wage and hour cases, contrary to the public policy of encouraging settlements; (4) courts have frequently granted leave to file an FLSA settlement agreement under seal upon joint motion; and (5) the Parties agree the Agreement and Petition for Fees should be filed as restricted to protect their "confidentiality." The Parties also assert that, as the terms of the Agreement are intended to be kept confidential, a less restrictive alternative to sealing is not practicable. The Court examines these arguments in light of the law and the documents at issue.

II.   LEGAL STANDARDS

"'Courts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.'" *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149

(10th Cir. 2007)). Courts may exercise discretion and restrict a public's right to access judicial records if that "'right of access is outweighed by competing interests.'" *Id*. (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)). In exercising that discretion, the court "'weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (unpublished) (showing of "some significant interest" required). "[A] generalized allusion to confidential information" is insufficient. *JetAway*, 754 F.3d at 827.

In addition to these general rules, restrictions in this district are also governed by D.C.COLO.LCivR 7.2. The party seeking restriction of public access to a document must also comply with this Local Rule and demonstrate that restriction is appropriate.

### III. ANALYSIS

#### A. <u>The Petition for Fees.</u>

Other than a conclusory statement that the restriction is needed to protect its confidentiality, there are neither facts nor argument to support that anything contained in the Petition for Fees should be kept confidential. Indeed, the Petition is short, cites the standard for evaluating fees, but then contains very little factual information to support the fees requested.

If it is the amount requested which the Parties contend is confidential, the Parties cite no law to support why it is so. Further, if it is the amount which should be restricted, the Parties provide no reason why redaction of the amount would be insufficient. Accordingly, on this record, the Parties have not met their burden.

### B. The Agreement.

The Parties raise a number of related arguments but, on this record, they are insufficient. First, the Tenth Circuit has stated, "[t]he Court recognizes that preserving the confidentiality of settlement agreements may encourage settlement, and that denying a motion to seal may chill future settlement discussions." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). The Parties contend this is so – that the failure to restrict public access would discourage FLSA settlements – but offer no evidence to support it is so. Moreover, this contention may be contradicted by the fact that numerous FLSA settlement agreements contain no confidentiality provision, have been filed unrestricted, and/or have been filed redacted. *See, e.g., Baker v. Vail Resorts Mgmt. Co.*, No. 13-cv-01649-PAB-CBS, 2014 WL 700096, at *2 (D. Colo. Feb. 24, 2014) (no confidentiality provision); *Anderson v. Walgreen Co.*, No. 14-cv-02642-RM-MJW, 2016 WL 74934, at *3 (D. Colo. Jan. 7, 2016) (request to withdraw motion to restrict settlement agreement with confidentiality provision); *Cooper v. OFS 2 Deal 2, LLC*, No. 15-cv-01291-RM-NYW, 2016 WL 1071002, at *3 (D. Colo. Mar. 17, 2016) (public access to redacted settlement agreement).

Next, a party's interest in keeping the terms of their agreements confidential, standing alone, may be insufficient to outweigh the public's interest of access to court documents. *See*

4

*Colony Ins. Co.*, 698 F.3d at 1241 (denial of request to seal settlement agreements containing confidentiality provisions where parties placed agreements at center of the controversy). Were it otherwise, the common-law presumption of access would be rendered meaningless as to any agreement or document the parties declared confidential.

As for the argument that courts have frequently allowed FLSA agreements to be filed restricted, the same can be said otherwise. Research discloses there are numerous decisions in this district where leave to restrict public access to a "confidential settlement agreement" has been denied, including decisions by this judge. *See, e.g., Anderson*, 2016 WL 74934, at *2 (Moore, J.); *Gassel v. American Pizza Partners, L.P.*, No. 14-cv-00291-PAB-NYW, 2015 WL 5244917, at *4-5 (D. Colo. Sept. 8, 2015) (Brimmer, J.).

Finally, the Parties represent that the settlement terms were derived from confidential facts concerning Defendant's business and employee wages. The existence of such confidential information may be sufficient to overcome the presumption of public access, but such representation is conclusory. Here, the Parties fail to provide specifics or an analysis to assist the Court to evaluate such "confidential facts." A bare representation falls far short of showing relief should be afforded.

C.  **The Agreement and the Joint Motion for Approval of Settlement Agreement**

Upon consideration of the record, the Court finds two issues which need to be addressed as they may impact the Parties' Joint Motion for Approval of Settlement Agreement (ECF No. 53). First, the Joint Motion for Approval states the claims of Ronnie Franklin and Joel Klassen are not addressed (ECF No. 53, page 1 n.1), and the Agreement mirrors this representation (ECF

No. 54, pages 2, 6), leaving the impression their claims remain for resolution. Prior to the filing of such papers, however, Mr. Franklin was dismissed by stipulation of the parties and is no longer a party to this case. (ECF No. 51.) Thus, the record shows that, of these two Plaintiffs, the only party whose claims are not addressed by the settlement is that of Mr. Klassen. This raises an issue as to what impact, if any, this may have on the Court's review of the Parties' request to approve an agreement which appears to be inaccurate. An issue which the Parties should address.

This also brings the Court to the second issue. Mr. Aboudou is named in the caption in this Order but is no longer in the caption of the Parties' filings. He is also not mentioned in the Joint Motion to Approve or the Agreement. Mr. Aboudou was initially dismissed by the Court without prejudice (ECF Nos. 40, 41), but then was added again as a plaintiff in the Second Amended Complaint, which complaint was filed by consent of the parties. (ECF Nos. 45, 46.) There is no record he has been dismissed again. His status is unclear. Accordingly, the Court directs the Parties to jointly address this issue as well.

IV. CONCLUSION

It has been said that sealing an FLSA settlement agreement "thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010). Nonetheless, the Court recognizes there are legitimate interests and reasons why a court-approved settlement agreement should be restricted from access by the public. On this record, however, such interests and reasons have not been sufficiently shown.

Based on the foregoing, the Court **ORDERS**:

(1) That the "Joint Motion to Restrict Access to Settlement Agreement and Plaintiffs' Petition for Attorneys' Fees and Costs [ECF Nos. 54 and 55]" (ECF No. 56) is **DENIED without prejudice**;

(2) That, on or before Tuesday, October 24, 2017, the Parties may refile a request to restrict which addresses the Court's concerns. In the interim, the Settlement Agreement and Release of Claims (ECF No. 54) and Plaintiffs' Petition for Approval of Attorneys' Fees and Costs (ECF No. 55) **shall remain restricted at a Level 1 restriction**; and

(3) That, on or before Tuesday, October 24, 2017, the Parties shall file a supplement to their Joint Motion for Approval of Settlement Agreement (ECF No. 53) addressing the issues related to the remaining party, or parties, in this case.

DATED this 18th day of October, 2017.

        BY THE COURT:

        _____
        RAYMOND P. MOORE
        United States District Judge