**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 16-cv-02043-RM-MJW

NEIMIAH MCGEE,
ANTHONY URNBERG,
FOUDOU ADAM,
FREDRICK A. NICOLOSI,
MALACHI MCGEE,
JONAH KALILI,
RAUL YANEZ-SANDOVAL,
JOEL KLASSEN, and
SOLOMAN DEBRETSION,

      Plaintiffs,

v.

PILOT THOMAS LOGISTICS, LLC,

      Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiffs Nehemiah McGee, Anthony Urnberg,

Foudou Adam,[1] Fredrick A. Nicolosi, Malachi McGee, Jonah Kalili, Raul Yanez-Sandoval, and

Solomon Debretsion (the "Plaintiffs") and Defendant Pilot Thomas Logistics, LLC (collectively,

the "Settling Parties") "Amended Joint Motion to Restrict Access to Settlement Agreement [ECF

NO. 54]," ("Amended Motion") (ECF No. 62).   The Amended Motion was filed in response to

the Court's October 18, 2017, Order ("Order") (ECF No. 58)[2] denying without prejudice the

Settling Parties' previous request for a Level 1 restriction of their Settlement Agreement (ECF

No. 54) and of Plaintiffs' Petition for Approval of Attorneys' Fees and Costs ("Petition") (ECF

---

[1] The parties' papers refer to Mr. Adam sometimes as "Adam Foudou."
[2] The Court notes that the operative complaint was referenced in the Order as being found at ECF No. 31, when it is located at ECF No. 46. (Order, ECF No. 58, page 1.)

No. 55).   Upon consideration of the Amended Motion, the court record, and the applicable rules and case law, the Court finds the Amended Motion should be granted.

Specifically, in the Order, the Court raised concerns which the parties have now satisfactorily addressed.   First, as to the Petition, the parties no longer seek any restriction as to such document.   As such, it will be unrestricted.   Next, as to the Settlement Agreement, the parties have jointly agreed to allow such agreement to be filed for public access, redacted only of the settlement amounts for the settling Plaintiffs.   (ECF No. 61-1.)   On this record, the Court finds the parties' representations are sufficient to allow the requested redaction, and that such redaction will not undermine the purpose of the FLSA.   *See Cooper v. OFS 2 Deal 2, LLC,* 15-cv-01291-RM-NYW, 2016 WL 1071002, at *3 (D. Colo. Mar. 17, 2016) (approving redacted agreement).   Accordingly, it is **ORDERED**

(1) That the "Amended Joint Motion to Restrict Access to Settlement Agreement [ECF No. 54]" (ECF No. 62) is **GRANTED**;

(2) That the Clerk shall **UNRESTRICT** Plaintiffs' Petition for Approval of Attorneys' Fees and Costs (ECF No. 55); and

(3) That the Settlement Agreement and Release of Claims (ECF No. 54) shall **REMAIN** restricted at a Level 1 restriction.

DATED this 9th day of January, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge